# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

*FILED
JAMES BONINI
CLERK

09 OCT -5 AM II: 06

U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
EAST. DIV. COLUMBUS

**JOHN A. ENGLISH**, in his fiduciary capacity as a member of the Benefits Administrative Committee, Plan Administrator of the Nationwide-Sponsored Health and Welfare Employee Benefit Plans,

**BENEFITS ADMINISTRATIVE COMMITTEE,** Plan Administrator of the Nationwide-Sponsored Health and Welfare Employee Benefit Plans

**NATIONWIDE MUTUAL INSURANCE COMPANY**
One Nationwide Plaza
Columbus, OH 43215-2220

        Plaintiffs,

    v.

**ROBERTA GASSMAN**, Secretary, Department of Workforce Development, State of Wisconsin, in her official capacity, 201 E. Washington Avenue, Madison WI 53703.

**JENNIFER ORTIZ**, Administrator, Equal Rights Division of the Department of Workforce Development, State of Wisconsin, in her official capacity, 201 E. Washington Avenue, Madison WI 53703.

**JOHN BYRON "J.B." VAN HOLLEN** Attorney General, State of Wisconsin, in his official capacity, 114 East State Capitol, Madison, WI 53707-7857.

        Defendants.

Case No. 2:09 cv **2:09 cv 871**

Judge:      **JUDGE GRAHAM**

Magistrate Judge:

   **MAGISTRATE JUDGE KEMP**

---

## VERIFIED COMPLAINT FOR TEMPORARY RESTRAINING ORDER, PERMANENT INJUNCTION AND DECLARATORY JUDGMENT

### INTRODUCTION

1.      Plaintiff Nationwide Mutual Insurance Company ("Nationwide" or the "Company") sponsors the Nationwide Insurance Companies and Affiliates Plan for Your Time and Disability Income Benefits (the "Plan"). The Plan is governed by the Employee Retirement Income Security Act of 1974 ("ERISA") and provides, *inter alia*, short-term disability ("STD") income benefits to Nationwide employees ("associates") who become disabled, as defined by the Plan, and are unable to work.   The Wisconsin Family and Medical Leave Act ("WFMLA") contains a "substitution provision," which provides that an employee may substitute "paid or unpaid leave of any other type provided by the employer" for leave that qualifies under the WFMLA. Wis. Stat. 103.10(5)(b).   Leave under the WFMLA otherwise is unpaid. The Wisconsin Department of Workforce Development through an Administrative Law Judge of its Equal Rights Division recently ordered Nationwide, pursuant to the WFMLA's substitution provision, to pay STD income benefits to an associate *who was not disabled* but who made a request to receive payment of STD income benefits during unpaid WFMLA time off of work.   The applicable Plan documents, however, allow STD income benefits to be paid only to those who become disabled, as defined, and cannot work. Because the Department's order directly conflicts with ERISA's requirements that plans be administered, and benefits be paid, in accordance with plan provisions, the substitution requirement of the WFMLA is preempted by ERISA to the extent that Defendants interpret and enforce the substitution provision to require payment of Plan benefits in contravention of the pertinent Plan documents.   Accordingly, Plaintiffs seek an injunction and declaratory judgment that the WFMLA's substitution provision is preempted by ERISA to this limited extent. Plaintiffs also seek a temporary restraining order restraining the Defendants from initiating any state court or other action seeking to enforce the substitution provision or involving any other subject matter of this lawsuit until this lawsuit has been resolved and from investigating,

processing or adjudicating any substitution claim for disability benefits filed with the ERD during the pendency of this litigation and afterwards. The Plan Administrator also seeks instructions from the Court that it may administer and operate the Plan consistent with Plan documents and the requirements of ERISA.

## THE PARTIES

2.      John A. English is one of three members of the Benefits Administrative Committee, which is the Plan Administrator of the Plan and other Nationwide-sponsored health and welfare employee benefit plans, within the meaning of 29 U.S.C. § 1001(16)(A) (together, English and the BAC are referred to hereafter as the "BAC"). Each member of the BAC resides in the Southern District of Ohio, and the Plan is administered in the Southern District of Ohio, specifically, Columbus, Ohio. The BAC is the named fiduciary of the Plan within the meaning of 29 U.S.C. §1002(21). A true and correct copy of the Plan is attached hereto as Exhibit A.

3.      Nationwide is a mutual corporation incorporated in the State of Ohio, with its principal place of business located at One Nationwide Plaza, Columbus, Ohio 43215. Nationwide does business in many states, including Ohio and Wisconsin, and is the Plan Sponsor of the Plan for purposes of ERISA. As the Plan Sponsor, Nationwide established the Plan for the purpose of providing benefits to its associates. Nationwide is a fiduciary of the Plan to a limited extent. 29 C.F.R. § 2509.75-8, Q&A D-4.

4.      Defendant Roberta Gassman is Secretary of the Wisconsin Department of Workforce Development ("DWD"). Defendant Jennifer Ortiz is the Administrator of the Equal Rights Division ("ERD"), which is a division of the DWD. The ERD administers the WFMLA. ERD investigators investigate complaints filed with the ERD alleging violations of the WFMLA. If the investigator finds probable cause to believe a violation of the WFMLA has occurred, the complaint is referred to an Administrative Law Judge ("ALJ"), who adjudicates the claim and

has the authority to issue final and enforceable orders against respondents who are found to be in violation of the WFMLA.  Defendant J. B. Van Hollen is the Attorney General of the State of Wisconsin.  Gassman, Ortiz and Van Hollen are all named here in their official capacities and are together referred to as the "State of Wisconsin" or the "State."

## THE PLAN IS AN ERISA PLAN

5.    The Plan is a funded employee welfare benefit plan designed to provide a uniform set of benefits to associates of Nationwide and its affiliated entities in the 49 States in which they are employed.  The Plan is designed to and does meet all legal requirements to fall within the scope of ERISA.

6.    The Plan integrates multiple benefits into a uniform national system to provide taxable and tax-free benefits to associates who are absent from work.  The Plan incorporates three programs:  the Your Time Program, the Short-Term Disability Income Benefit Program ("STD Program") and the Long-Term Disability Income Benefit Program ("LTD Program").

7.    The Your Time Program provides taxable paid time off benefits to associates when they request and the manager approves time off for any purpose, including but not limited to, vacation, sick days for themselves or family members, or for any WFMLA or federal Family and Medical Leave Act ("FMLA") purpose.  A true and correct copy of the Your Time Summary Plan Description ("SPD") is attached as Exhibit B.

8.    The STD Program exists to provide disability income benefits to participants who become disabled, as defined, and are unable to work.  The STD Program includes an automatic basic coverage currently provided at no cost to participants and an optional additional coverage that the associate can elect and pay for through payroll deductions.  Basic STD income benefit coverage consists of 60% of base salary for eligible associates with 1-59 months of service and 80% of base salary for eligible associates with 60 or more months of service.  Optional coverage

may increase STD income benefits by an additional 20% of base salary.  Accordingly, an eligible associate with 60 or more months of service who elects optional coverage will receive 100% of base pay if she becomes "STD Disabled."  There is a waiting period for receiving STD income benefits of five consecutive normally scheduled work days for which the associate is absent. After the waiting period, an associate may receive STD income benefits for a period lasting between six and seven months of disability depending on the day of the month in which disability begins.  If an associate returns to work before reaching the maximum coverage period and is actively at work for six regular work weeks, the maximum coverage period is recalculated. A true and correct copy of the SPD for the STD Program is attached hereto as Exhibit C.

9.    Under the Plan, STD income benefits are payable only to an associate who becomes "STD Disabled."  The Plan defines STD Disabled as meaning "a disability or disablement that results from a substantial change in medical or physical condition due [to] a specific illness that prevents an Eligible Associate from working their current position."  The STD Program itself does not address when and whether an associate is entitled to a leave of absence from work on account of disability.  The STD Program does not provide accrued paid leave.  Rather, it provides disability income benefits to associates who become disabled and are unable to work.

10.   The LTD Program pays benefits to those who meet the LTD Program's definition of Disability.  *See* § 9.3 of the LTD Program SPD, a true and correct copy of which is attached hereto as Exhibit D.  If an associate becomes LTD Disabled, the bi-weekly benefit is 60% of Covered Compensation minus payments from other sources.  The duration of LTD income benefit coverage is based generally on consecutive months of LTD coverage and age when disability starts, subject to some other limitations.  The LTD Program does not provide accrued

paid leave. Rather, it provides disability income benefits to associates who become disabled and unable to work.

11. The benefit programs offered by the Plan, together with the Nationwide health care plan(s), are funded through the Nationwide Insurance Companies & Affiliates Employee Health Care Trust ("the Trust Fund"). Nationwide and its affiliates (as well as associates employed by Nationwide and its affiliates) make contributions to the Trust Fund for payment of STD income and other benefits. The Trust Fund serves as the sole source of funds for the payment of Plan benefits. The only purpose of the Trust Fund is to hold the assets used to pay ERISA employee welfare benefits pursuant to the Plan and Nationwide health care plan(s). A true and correct copy of the Trust Agreement is attached hereto as Exhibit E.

12. The BAC has the legal right and obligation to direct the payment of benefits from the Trust Fund to associates under the Plan. The Plan and BAC Charter call for the BAC to interpret and administer the Plan in accordance with ERISA's fiduciary standards and the written terms of the documents governing the Plan. Unless delegated, only the Plan Administrator, the BAC, is authorized to direct payments out of Trust Fund assets for STD benefits and other funded benefits. A true and correct copy of the BAC Charter is attached hereto as Exhibit F.

13. Nationwide also files with the federal government those documents required to be filed when an employee welfare benefit plan and related trust are maintained, and these documents also establish the existence of a bona fide ERISA plan. The 2007 Form 5500 for the Plan shows that: (1) Nationwide, through its Board of Directors, has designated the BAC as Plan Administrator (Line 3a); (2) the BAC is a legal entity with its own Employer Identification Number (Line 3b); (3) more than 35,000 individuals participate in the Plan (Line 7a); (4) the Plan and the Nationwide health care plan(s) are funded through insurance and trust arrangements

(Lines 9a, 9b); and, (5) fidelity bonds in the amount of $100,000,000 are maintained to protect Plan participants against fraud or dishonesty by fiduciaries or other Plan officials, including the BAC. (Schedule H, Part IV, Line E). A true and correct copy of the 2007 Form 5500 for the Plan is attached hereto as Exhibit G.

14. This Court may take judicial notice of a Consent Decree entered by Judge Graham of the Southern District of Ohio on September 26, 2008 in a case entitled *Joanne McGoldrick, in her fiduciary capacity as member of the Benefits Administrative Committee of Nationwide Mutual Insurance Company, et al., v. Angela Bradstreet, Labor Commissioner, Department of Industrial Relations, State of California, in her official capacity*, Case No., 2:08-cv-01. In that Consent Decree, the Court concluded that the "Your Time Plan is governed by ERISA, based on current law and the current operation of the Your Time Plan." In that Consent Decree, the State of California agreed that the Plan was an ERISA plan and that California law as it related to vacation pay was preempted by ERISA. A true and correct copy of the order adopting the Consent Decree and the Consent Decree are attached hereto as Exhibit H.

15. This Court may also take judicial notice of a decision by a Magistrate Judge in the United States District Court for the District of New Hampshire, who after conducting an evidentiary hearing in 2007 concluded:

> It is clear from [Assistant Vice President of Benefits Planning, John] Towarnicky's testimony that Nationwide's employee benefit plan is precisely the type of plan covered by ERISA. Nationwide clearly intends to operate the plan as an ERISA-qualifying welfare plan. The intention is manifested in the manner the plan is funded and operated, as well as in the relationship of the fund with the Department of Labor and the Internal Revenue Service. The evidence adduced at the hearing readily demonstrated that the Your Time Plan is a qualified employee welfare benefit plan encompassed by ERISA and not a payroll practices plan outside of ERISA's preemptive scope.

-7-

(Exhibit I, pp. 13-14) (internal citations omitted).   The United States District Court Judge's Order approving the Magistrate Judge's Report and Recommendation is also attached as a part of Exhibit I.

16.   The Illinois Department of Labor ("IDOL") also concluded that ERISA "is the exclusive cause of action" for a wage claim filed with the IDOL for Your Time that was forfeited upon termination. *See* Exhibit J.

### THE STATE OF WISCONSIN IMPROPERLY ORDERED THE PAYMENT OF STD INCOME BENEFITS FROM AN ERISA PLAN TO AN ASSOCIATE WHO WAS NOT DISABLED

17.   On April 18, 2007, a Nationwide associate employed in Wisconsin, filed a Complaint with the State of Wisconsin in which she alleged that Nationwide violated the WFMLA's substitution provision when her request for payment of STD income benefits had been denied.   She made the request to receive payment of STD income benefits during intermittent time off from work to bond with her new born child after her period of disability relating to the birth ended.   Although Nationwide approved the associate's request to take the intermittent WFMLA leave to bond with her child, her request for payment of STD income benefits to cover that time off was denied because she admittedly was not disabled on those days. Her use of Your Time to pay her for that time off was approved.

18.   An ERD investigator found probable cause to believe that a violation of the WFMLA had occurred, specifying that he was unable to determine whether the Department had jurisdiction over the claim, and the matter was assigned to an ALJ for a hearing.   The parties submitted stipulated facts to the ALJ and briefed the issues in lieu of a live hearing.   The associate stipulated that the Plan was governed by ERISA and that she was not disabled on the eight days for which she sought payment of STD income benefits.

19.    In a final Decision and Order dated August 14, 2009, the ALJ concluded that "Nationwide, through its STD plan administrators, violated the Wisconsin Family and Medical Leave Act when it denied [the associate's] request to substitute paid Short Term Disability leave for leave under the Wisconsin Family and Medical Leave Act on February 16, March 23, April 23, April 24, June 1, June 29, July 9 and October 15, 2007." The ALJ ordered Nationwide to "make [the associate] whole by allowing her to substitute paid leave under its STD plan for leave under the Wisconsin Family and Medical Leave Act for" these eight days. The ALJ also ordered Nationwide to "restore to [her] Your Time benefits account the eight days she used to cover the denial of her substitution request." A true and correct copy of the ALJ's decision is attached hereto as Exhibit K.

20.    Nationwide asked the Plan Administrator whether the associate could be permitted to receive STD income benefits for leave under the WFMLA for the dates in question and whether the eight days could be restored to her Your Time account in order to comply with the ALJ's Order. The BAC informed Nationwide that the Plan did not allow for the payment of STD income benefits when an associate was not disabled or for the restoration of time to an associate's Your Time account. Because Nationwide was faced with an Order with which it could not comply, the Company elected to resolve the case through a monetary payment (outside of the Plan), and that case is now over.

21.    The ALJ ordered Nationwide to do two things it legally could not do:  pay STD income benefits out of the Trust to an associate who was not disabled and restore time to the associate's Your Time account.

22.    The BAC was not a party to the action in the ERD. The BAC, as Plan Administrator, cannot order the payment of STD income benefits to any non-disabled Plan

-9-

participant or order the restoration of Your Time to a Plan participant's Your Time account. If the BAC were to do what is demanded in the State of Wisconsin's Order, the BAC would violate its fiduciary duty to Plan participants and beneficiaries by taking action that is in contravention of the terms of the written Plan.

23. The Nationwide-sponsored STD Program is indistinguishable from a short-term disability insurance policy purchased through a third-party insurer except that Nationwide self-funds the trust rather than purchasing insurance from another insurer. If Nationwide had third-party insurance that paid STD income benefits, Nationwide could not order the third-party insurer to pay STD income benefits to an associate who was not disabled even if the associate made a substitution request under the WFMLA. If the Nationwide-sponsored STD Program were insured, the State of Wisconsin would conclude that substitution still applied to STD income benefits. If the third-party insurer refused a substitution request for STD income benefits because the employee was not disabled, the State of Wisconsin would order Nationwide to pay a benefit equivalent to the STD income benefit out of general assets.

24. The Nationwide-sponsored LTD Program is indistinguishable from a long-term disability insurance policy purchased through a third-party insurer except that Nationwide self-funds the trust rather than purchasing insurance from another insurer. If Nationwide had third-party insurance that paid LTD income benefits, Nationwide could not order the third-party insurer to pay LTD income benefits to an associate who was not disabled even if the associate made a substitution request under the WFMLA. If the Nationwide-sponsored LTD Program were insured, the State of Wisconsin would conclude that substitution still applied to LTD income benefits. If the third-party insurer refused a substitution request for LTD income benefits

because the employee was not disabled, the State of Wisconsin would order Nationwide to pay a benefit equivalent to the LTD income benefit out of general assets.

25.   The ALJ's Memorandum Opinion ("Opinion") states that it was "ludicrous" for Nationwide to argue that it has no input in the approval or denial of benefits in any given case because "Nationwide could, at any time, discontinue offering employee benefits such as its STD plan."   Nationwide would prefer to continue offering the same STD income benefits to its associates in Wisconsin that it offers to associates outside of Wisconsin.   Associates in Wisconsin, and elsewhere, benefit from the availability of disability benefits in case of disabling illness or injury.

26.   By the State of Wisconsin's attempt to require the Plan to allow the payment of STD income benefits to associates who are ineligible for these benefits under the terms of the Plan, Wisconsin employees on non-disability leaves would receive payment without any diminution of their Your Time credits – unlike Nationwide employees in all other states who must use their Your Time in order to receive payment during a non-disability leave of absence.

27.   The State of Wisconsin's continued enforcement position will be that STD income benefits must be paid to Nationwide associates who are not disabled but who qualify for leave under the WFMLA. As a result, non-disabled Wisconsin associates will continue to make demands to substitute STD income benefits for unpaid WFMLA time.

## JURISDICTION AND VENUE

28.   This Court has original jurisdiction over this civil action pursuant to 28 U.S.C. §1331 because the civil action arises under the laws of the United States. *Shaw v. Delta Airlines,* 463 U.S. 85, 96, n. 14 (1983) ("a plaintiff who seeks injunctive relief from state regulation, on the ground that such regulation is pre-empted by a federal statute . . . presents a question which the federal courts have jurisdiction under 28 U.S.C. §1331 to resolve."); *Grable & Sons Metal*

*Products, Inc. v. Darue Engineering & Manufacturing*, 545 U.S. 308, 312 (2005) (the "arising under" language of 28 U.S.C. § 1331 "captures the commonsense notion that a federal court ought to be able to hear claims recognized under state law that nonetheless turn on substantial questions of federal law, and thus justify resort to the experience, solicitude, and hope of uniformity that a federal forum offers on federal issues").

29. This Court has original jurisdiction over this action because the rights sought to be determined herein are governed by the Declaratory Judgment Act, 28 U.S.C. § 2201 and ERISA, 29 U.S.C. §§ 1001, *et seq.*

30. ERISA contains a nationwide service of process provision that permits an enforcement action to be brought in federal court in a district "where the plan is administered" and process to be "served in any other district where a defendant resides or may be found." 29 U.S.C. § 1132(e)(2). The Defendants will be served in Wisconsin. Since the Plan is administered in Columbus, Ohio, and because this is a proper ERISA enforcement action, this Court has personal jurisdiction over the Defendants and has subject matter jurisdiction over the action under 29 U.S.C. § 1132(a)(3).

31. All witnesses and evidence regarding the establishment, maintenance, and administration of the Plan and the Trust Fund reside within the Southern District of Ohio.

32. Venue is proper in this court pursuant to 28 U.S.C. §1391 and 29 U.S.C. §1132(e)(2).

## COUNT I- CLAIM FOR INJUNCTIVE RELIEF

33. The State of Wisconsin's application of the WFMLA substitution provision to the Plan has caused and will cause irreparable harm to the Plaintiffs because it put the Plaintiffs in the impossible conflict position of choosing between violating state law or violating ERISA. The State's interpretation and application of the substitution provision forces Plaintiffs to violate

the terms of the Plan by requiring the payment of STD income benefits to someone who does not qualify for the benefits under the clearly written terms of the Plan documents.

34.   Plaintiffs are likely to succeed on the merits of their claims because the Plan is an employee welfare benefit plan as defined by ERISA; jurisdiction for disputes relating to benefits under the Plan rests with the federal courts of the United States; and application of the substitution provision in contravention of the Plan documents is preempted by ERISA.

35.   ERISA commands that a plan shall "specify the basis on which payments are made to and from the plan," § 1102(b)(4), and that the plan fiduciary shall administer the plan "in accordance with the documents and instruments governing the plan."  § 1104(a)(1)(D).  Benefit payments may be made only to a "beneficiary" who is "designated by a participant, or by the terms of [the] plan."  § 1002(8).

36.   ERISA's preemption section, 29 U.S.C. § 1144(a), states that ERISA "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan" covered by ERISA.  The United States Supreme Court has repeatedly observed that this broadly worded provision is "clearly expansive."  *Egelhoff v. Egelhoff*, 532 U.S. 141, 146 (2001) (internal quotation marks and citation omitted).  Where state law "binds ERISA plan administrators to a particular choice of rules for determining beneficiary status," and where "administrators must pay benefits to beneficiaries chosen by state law, rather than to those identified in the plan documents," the state law "implicates an area of core ERISA concern," "has an impermissible connection with ERISA plans," and is preempted. *Egelhoff,* 532 U.S. at 147-48.  Plaintiffs are likely to succeed on the merits because the State, by requiring the payment of STD income benefits to associates who are not disabled, purports to dictate who are beneficiaries under the Plan rather than deferring to the Plan documents.

-13-

37.   The Wisconsin substitution provision, as interpreted to require the payment of STD income benefits to someone who is not disabled, as defined, is preempted by ERISA because it imposes a particular choice of rules for determining beneficiary status applicable only to associates in Wisconsin.

38.   Wisconsin's substitution provision conflicts with federal law and causes irreparable harm because it interferes with the exclusive claims administration procedure established under ERISA and prevents the BAC from exercising its right to determine disputed claims for benefits under the Plan in accordance with ERISA and the terms of the Plan.

39.   Wisconsin's interpretation of the substitution provision dictates the payment of benefits from the STD Program.  In the future, if a Wisconsin associate is not disabled, as defined, but qualifies for WFMLA leave, the State of Wisconsin will order the payment of STD income benefits to that associate if she files a claim with the State of Wisconsin alleging that Nationwide refused a request for substitution of STD income benefits.

40.   If an injunction is not issued, Nationwide will be forced to expend valuable time and resources defending itself during hearings over which the State of Wisconsin does not even have jurisdiction.  Neither the BAC nor Nationwide have an adequate remedy at law for the harm, monetary and otherwise, caused by its forced participation in proceedings in the State of Wisconsin on this issue.

41.   The ERD hearing process gives the BAC no opportunity to protect its interests as Plan Administrator.  ERD proceedings apply only to employers, and the BAC is not an employer of any Nationwide associates.

42.   Oregon has a family and medical leave law that also allows employees to substitute accrued paid leave for unpaid family leave time.  Oregon, however, explicitly excludes disability

insurance or disability benefits from the definition of accrued paid leave. *See* OAC 839-009-0280(2). Nationwide has associates in Oregon. Thus, while most state FMLA laws have no "substitution" provisions, Nationwide and the BAC are faced with conflicting substitution provisions in at least two states that mandate substitution, Oregon and Wisconsin. If Wisconsin is allowed to continue to enforce its substitution provision consistent with the ALJ's decision, the entire purpose of sponsoring, adopting and implementing an ERISA plan with uniform administrative practices and guidelines applicable in all 49 states in which Nationwide has employees will be undermined.

43.   If the BAC pays benefits out of the Trust Fund contrary to the written terms of the Plan, the BAC would breach its fiduciary duty under the Plan and ERISA.

44.   While the assets of the Trust Fund are meant to be used to pay for benefits falling within the written terms of the Plan and the health care plan(s), any inconsistent State regulation purporting to require payment of additional benefits pursuant to State law threatens the purpose of the Trust Fund, reduces the Trust Fund assets available to pay benefits to other Plan participants, interferes with the fiduciary obligations of the BAC, and violates ERISA's principle of uniform plan design and administration.

45.   By purporting to assert jurisdiction over claims for STD income benefits made by non-disabled employees, Wisconsin threatens the rights and expectations of all STD Program participants who are entitled to have the Trust Fund used in the manner described by Plan documents.

46.   The Supremacy Clause of the United States Constitution separately and independently preempts state laws that conflict with ERISA or operate to frustrate its objectives within the field of employee benefit plan regulation.

47.   The balance of the hardships tip decidedly in favor of the BAC and Nationwide. Plaintiffs merely request that the Court issue an order prohibiting the Defendants from processing, investigating and adjudicating claims for benefits that are governed exclusively by federal law and prohibiting the Defendants from initiating or participating in a state court action that attempts to apply or enforce the WFMLA substitution provision against the Plaintiffs with regard to disability benefits.   This request does not interfere with the ability of current and former employees of Nationwide to have an adequate remedy for any alleged harm that they claim to have suffered because the Plan has an ERISA-governed claims procedure, and ERISA provides the exclusive remedy for claims relating to the Plan.   This request does not interfere with the ability of current and former employees of Nationwide to file claims with the ERD for other alleged violations of the WFMLA.

48.   ERISA preemption of the WFMLA substitution provision here does not impair the FMLA savings provision, 29 U.S.C. § 2651(b) ("[n]othing in *this* Act ... shall be construed to supersede any provision of any State or local law that provides greater family or medical leave rights") (emphasis added).   The FMLA savings provision did not amend, reduce or limit the scope of ERISA's express preemption provision, which was written and enacted to preempt any state laws that "relate to" an employee benefit plan.

49.   The FMLA savings provision does not give the State of Wisconsin the authority to apply the WFMLA substitution provision to put the Plaintiffs in an impossible conflict situation of either violating State law or violating Plan documents.

50.   The FMLA savings clause has no relevance here and does not prevent the application of ERISA preemption to the WFMLA substitution provision because "[i]n the face of

this direct clash between state law and the provisions and objectives of ERISA, the state law cannot stand." *Boggs v. Boggs*, 520 U.S. 833, 844 (1997).

51.   A temporary restraining order and an injunction in this case will serve the public interest of preventing inconsistent state regulation related to employers benefit plans governed by ERISA and will serve the public interest of employees in Wisconsin by allowing Nationwide to continue to offer STD income benefits without offset or adjustment for the costs incurred to defend the participants, the Plan, the BAC and Nationwide from wrongful and inconsistent regulation by the State of Wisconsin.

52.   A temporary restraining order and an injunction in this case will serve the public interest in judicial economy by resolving in a single action the issue of ERISA preemption.

53.   The State of Wisconsin's continued processing, investigation and adjudication of claims for the substitution of STD income benefits made by associates who are not disabled has and will continue to cause the BAC and Nationwide irreparable harm so as to warrant a temporary restraining order, a preliminary injunction and a permanent injunction.   Plaintiffs request that this Court issue an order prohibiting the State of Wisconsin from processing, investigating or proceeding to hearing on any claim against Nationwide for the substitution of STD income benefits by non-disabled associates and prohibiting the Defendants or their agents from filing any court actions to enforce the WFMLA's substitution provision with respect to claims for STD income benefits made by non-disabled associates of Nationwide.   Such an order will maintain the status quo and permit this case to move forward for a final declaratory judgment with respect to ERISA's application.

## COUNT II- CLAIM FOR DECLARATORY JUDGMENT

54.   The Plaintiffs re-allege paragraphs 1 through 53 of the Verified Complaint, as if set forth fully herein.

55. An actual controversy, which is ripe for adjudication, has arisen with respect to the applicability of ERISA as it relates to the law of Wisconsin and the terms of the Plan.

56. Although the BAC was not joined to the Wisconsin action, a controversy exists between the Defendants and the BAC since the BAC is charged with the legal responsibility for administering the disputed STD income benefits in accordance with Plan documents and ERISA, even if State law conflicts.

57. A controversy exists between the Defendants and Nationwide because the Defendants have refused to recognize that the STD Program that Nationwide sponsors is governed by ERISA and not Wisconsin law, which the State interprets to require Nationwide to establish a separate benefit outside of the Plan.  Accordingly, Nationwide has unnecessarily been forced to participate in and defend against a claim filed with the State of Wisconsin that should be adjudicated through the procedures set forth in the Plan and ERISA.

58. The BAC and Nationwide seek a declaration that the Plan is an employee welfare benefit plan governed exclusively by ERISA and that the substitution provision of the WFMLA is preempted to the extent that it is interpreted and applied to require the payment of disability income benefits to associates who are not entitled to benefits under the terms of the Plan and/or ERISA.

59. This declaratory judgment is both necessary and proper under the Declaratory Judgment Act, 28 U.S.C. §2201, *et seq.*, to determine the rights, obligations, and liabilities that exist among and between the parties.

## COUNT III- CLAIM FOR FIDUCIARY INSTRUCTIONS

60. The Plaintiffs re-allege paragraphs 1 through 59 of the Verified Complaint, as if set forth fully herein.

61. As the appointed Plan Administrator and fiduciary of the Plan, the BAC cannot fulfill its obligations without a determination of ERISA's application to the Plan.

62. The BAC has a fiduciary obligation to administer the Plan pursuant to the written terms of the governing documents and to exercise its discretion with respect to the assets held in the Trust Fund.

63. Through their enforcement activities, the Defendants have disregarded the applicability of ERISA to the governance of the Plan.

64. The federal common law of ERISA is based upon the law of trusts, and fiduciaries such as the BAC are the legal equivalent of trustees.

65. According to trust law principles, "[t]he extent of the duties and powers of a trustee is determined by the rules of law that are applicable to the situation, and not the rules that the trustee or his attorney believes to be applicable, and by the terms of the trust as the court may interpret them, and not as they may be interpreted by the trustee himself or by his attorney." 3 W. Fratcher, Scott on Trusts § 201, at 221.

66. According to trust law principles, a trustee who is in doubt as to the interpretation of her legal obligations can protect himself by obtaining instructions from the court. *Firestone Tire & Rubber Co. v. Bruch,* 489 U.S. 101, 112 (1989); *citing*, G. Bogert & G. Bogert, Law of Trusts and Trustees § 559, pp. 162-68 (2d rev. ed. 1980), Restatement (Second) of Trusts §201, Comment *b* (1959).

67. The BAC requests instructions from the Court that it may continue to administer the Your Time, STD and LTD income benefits in accordance with Plan documents and ERISA without regard to the substitution provisions of the WFMLA.

68.   The BAC requests instructions from the Court with respect to the proper handling of its responsibility over the Trust Fund.

**WHEREFORE,** the Plaintiffs respectfully request that this Court:

(a)   issue a Temporary Restraining Order prohibiting the Defendants from:

(i)   filing or participating in any state court or other action against the Plaintiffs that seeks to enforce the substitution provision or that seeks a declaratory judgment that the substitution provision is not preempted by ERISA; and

(ii)   processing, investigating or proceeding to hearing on any claim against Nationwide for the payment of STD income benefits pursuant to the WFMLA's substitution provision;

(b)   grant a Preliminary Injunction, and thereafter a Permanent Injunction, pursuant to Federal Rule of Civil Procedure 65, prohibiting the Defendants from:

(i)   filing or participating in any state court or other action against the Plaintiffs that seeks to enforce the substitution provision or that seeks a declaratory judgment that the substitution provision is not preempted by ERISA; and

(ii)   processing, investigating or proceeding to hearing on any claim against Nationwide for the payment of STD income benefits pursuant to the WFMLA's substitution provision;

(c)   grant a declaratory judgment in their favor that:

(i)   declares that the Plan is an employee welfare benefit plan governed by ERISA;

(ii)   declares that the BAC is not required to grant substitution requests for STD income benefits to associates who are not disabled;

(iii)    declares that Nationwide is not required to pay out of general assets substitution requests for STD income benefits made by non-disabled associates;

(d)    issue instructions to the BAC that it may administer the Plan and the Trust Fund in accordance with the federal law of ERISA and disregard any conflicting requirement of the WFMLA; and

(e)    award the Plaintiffs their attorneys' fees, costs, and such other relief as is just and proper.

Respectfully submitted,

Daniel W. Srsic, Esq., Trial Attorney (0064177)
Littler Mendelson, P.C.
21 East State Street, Suite 1600
Columbus, OH 43215
Telephone:  614.463.4201
Fax:  614.221.3301
Email:  dsrsic@littler.com

James J. Oh, Esq. (IL Bar No. 6196413)
Littler Mendelson, P.C.
200 North LaSalle Street, Suite 2900
Chicago, IL  60601
Telephone:  312.372.5520
Fax:  312.372.7880
Email:  joh@littler.com

Susan Katz Hoffman, Esq. (PA Bar No. 19498)
Littler Mendelson, P.C.
Three Parkway
1601 Cherry Street Suite 1400
Philadelphia, PA 19102-1321
Telephone:  267.402.3000
Fax:  267.402.3131
Email:  shoffman@littler.com

Attorneys for Plaintiffs
Dated:  October 5, 2009

-21-

## **VERIFICATION**

I, John M. Towarnicky, am the Associate Vice President-Benefits Planning for

Nationwide Mutual Insurance Company and have knowledge and information concerning

Nationwide Mutual Insurance Company's benefit plans.

I have carefully read the foregoing Verified Complaint and affirm that the facts

stated therein are true to the best of my knowledge, information and belief.

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that that foregoing

is true and correct.

John M. Towarnicky
Dated: October 5, 2009