```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF OHIO
                       EASTERN DIVISION
```

John A. English, et al.,        :

        Plaintiffs,              :

    v.                           :     Case No. 2:09-cv-871

Roberta Gassman, et al.,         :     JUDGE GRAHAM

        Defendants.              :


                              ORDER

This case is before the Court on plaintiffs' motion for leave to amend the complaint. The motion has been fully briefed. For the following reasons, the motion (#34) will be granted.

## I. Background

In the original verified complaint, plaintiffs Nationwide Mutual Insurance Company, Benefits Administrative Committee, and John A. English seek injunctive and declaratory relief relating to whether ERISA exclusively governs the determination of benefits payment thereby preempting the substitution provision in the Wisconsin Family and Medical Leave Act and the defendants' application of that law in enforcement proceedings. The original verified complaint asserts the following. Nationwide sponsors an ERISA-governed benefits plan which provides short-term disability income benefits to its employees who become disabled as defined by the plan and are unable to work. The Wisconsin Family and Medical Leave Act contains a substitution provision which allows an employee to substitute any other paid or unpaid leave for leave that qualifies under the Act. A recent Wisconsin ALJ decision required Nationwide to pay, pursuant to the substitution provision, short-term disability income benefits to an employee

who was not disabled. According to the plaintiffs, the plan's fiduciaries have been placed in a conflict situation of either violating ERISA or violating state law when Nationwide employees in Wisconsin who are not disabled request payment of disability benefits pursuant to the WFMLA's substitution provision. Plaintiffs sought a temporary restraining order which was granted by order dated October 5, 2009, and extended by order dated November 23, 2009.

In their proposed amended verified complaint, plaintiffs seek to add additional factual support for their ERISA preemption claim. They do not seek to add any additional claims.

Defendants have filed a motion to dismiss addressed to the original verified complaint and oppose the proposed amendments on grounds of futility. Defendants' response is largely a reiteration of their arguments in support of dismissal. There is no issue of undue delay in tendering the amendment, or prejudice to the defendants if it is allowed.

## II. Analysis

There is some conceptual difficulty presented when the primary basis for a party's opposition to the filing of an amended pleading is that the pleading is futile, *i.e.* that it fails to state a claim upon which relief can be granted. A Magistrate Judge cannot ordinarily rule on a motion to dismiss, see 28 U.S.C. §636(b)(1)(A), and denying a motion for leave to amend on grounds that the proposed new claim is legally insufficient is, at least indirectly, a ruling on the merits of that claim.

At least where the claim is arguably sufficient, it is usually a sound exercise of discretion to permit the claim to be pleaded and to allow the merits of the claim to be tested before the District Judge by way of a motion to dismiss. Even a District Judge may choose to adopt this approach: "The trial

2

court has the discretion to grant a party leave to amend a complaint, even where the amended pleading might ultimately be dismissed." Morse/Diesel, Inc. v. Fidelity and Deposit Co. of Md., 715 F.Supp. 578, 581 (S.D.N.Y. 1989).  Consequently, rather than determining the actual legal sufficiency of the new claim, in many cases it will suffice to determine if there is a substantial argument to be made on that question and, if so, to allow the amended pleading to be filed.

Here, plaintiffs are not seeking to add new claims but to add new factual allegations to a complaint already the subject of a motion to dismiss vigorously opposed by the plaintiffs.  As a result, the defendants' futility argument asks the Court very directly to address the merits of plaintiffs' complaint.  Under these circumstances, the Court believes that it is a better exercise of discretion to permit the amendment.  Defendants are certainly free to direct their merits arguments to the amended complaint once it is filed.  Consequently, the motion for leave to amend will be granted.

### III.  Disposition

Based on the foregoing, plaintiffs' motion for leave to amend (#34) is granted.  Plaintiffs shall file a signed first amended verified complaint within ten days.

Any party may, within fourteen days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge.  28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 91-3, pt. I., F., 5.  The motion must specifically designate the order or part in question and the basis for any objection.  Responses to objections are due fourteen days after objections are filed and replies by the objecting party are due seven days thereafter. The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or

contrary to law.

This order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge.  S.D. Ohio L.R. 72.4.


/s/ Terence P. Kemp
United States Magistrate Judge